*363 The opinion of the Court was delivered by
Wardlaw, J.
Four cases, all in manuscript at Columbia, which have been brought to the view of the Court, create some confusion in the subject involved in the present motion. In the State vs. Compton, (Mss. vol. 3, p. 611, May 1827,) the warrant against the defendant was issued three years after the birth of the child. The jury having found him to be the father of the child, he was ordered to enter into recognizance for the annual payment of £.5 for the maintenance of the child, until it should be twelve years old, the first year to be computed from the date of the recognizance. Upon appeal by the solicitor, it was held that the defendant should have been required to pay the instal-ments already due, computing from the birth of the child, and to enter into recognizance for payment of the remainder, of the sum of £60, in instalments of £5, payable annually, until the child should attain the age of twelve years. The arguments written on the brief are, that when information is voluntarily given by the mother, it is immaterial whether the child is likely to be a public charge or not, therefore, the object in requiring the payments is not indemnity to the public merely; and the gross sum of £60 mentioned in the Act, seems to imply that the payments shall amount to that sum. Judge Johnson, delivering the opinion, says: “ It is impossible, I think, to misconceive the intention of the Legislature in the enactment of the law, although I am aware that the practice under it has been various. It was, I think, obviously intended to operate both as a penalty on the guilty father, and as a provision for the support and maintenance of the child. It is explicit that he shall pay £5 annually, until the child shall attain the age of twelve years, and that without regard to the circumstance, whether it has been, or will be provided for, by other means. It is, therefore, no answer to the demand to say, that the child has been subsisted by other means, or that the mother or others will, or can, provide for it. I was, on the first view of the question, struck with the objection arising out of the Act limiting the prosecution for penalties imposed by law, to six months after *364 the offence committed, in cases where no other limitation is imposed; but that is clearly concluded by the provision of this Act, (1795, 5 Stat. 270,) that the prosecution may be commenced on information given at any time after the birth of the child.” In the State vs. McCluney, (Dec. 1829, Mss. vol. 4, p. 486,) the child was born June, 1817, the bill found Spring Term, 1829, and the case called for trial October, 1829. (When the information was given, or warrant issued, does not appear.) A demurrer upon the ground, that it appeared that the child was upwards of twelve years old at the trial, was sustained by Judge Huger on the circuit, and his opinion, upon appeal by the solicitor, received the concurrence of the Court of Appeals — no reasons whatever being given. In the State vs. Day, (July, 1836, Mss. State cases, p. 51,) the child was born in 1821 — information given and warrant issued soon afterwards. The defendant eluded process, so that he was not arrested until 1835 ; and at Fall Term, 1835, he was found guilty, and ordered by Judge Earle to pay the annual allowance from the date of the warrant. Upon appeal, the order was set aside. Judge Johnson delivered the opinion of the Court, and relied upon the authority of the State vs. McCluney. He observes, that “according to the letter of the Act, the father is only bound to pay £.5 annually, towards the maintenance of his bastard child, until it shall have attained twelve years of age, and the policy obviously was to compel him to provide for its support, only whilst it was incapable to contribute anything to its own support, and unfit to be put out to service.” In the Stale vs. Harmon et. al. (May, 1837, Mss. State cases, p. 83,) upon sci. fa. to estreat the recognizance which had been entered into, after verdict of guilty on an indictment for bastardy, the defendants contended that Harmon, who had been found guilty, was liable for only £5 a year, commencing from his conviction, or at most, from the time information was given against him. But the terms of the recognizance were large enough to carry the liability back to the birth of the child. Judge O’Neall, on the circuit, considered, that computing from the time of conviction, was contrary to the *365 plain reading of the Act, and computing from the time of the information, was inconsistent with a former decision, (State vs. Compton,) and so the recognizance was estreated for the in-stalments counted from the birth of the child. Upon appeal, Judge Evans, delivering the opinion of the Court, held that whatever might have been rightfully required by the sentence or order which directed the taking of the recognizance, the defendants were concluded by that judgment, as they submitted to it without appeal. Occasion was however taken to mention the decision in Compton’s case, and to declare that it had not been over-ruled by the cases of McCluney and Day ; and thus the authorities were collected on the subject, “ without deciding on the true construction of the Act.” All four of the above-mentioned cases, it will be observed, were decided under the Act of 1795 ; but the present case arises under the Act of 1839, (11 Stat. 16, § 12.) Upon a cursory reading of the two Acts, the latter may seem to be only a condensation, almost a transcript, of the former; but there are some differences which may well justify under the latter, upon a point which was very doubtful under the former, a departure from the result which seems to have been hastily attained in McCluney’s case, and upon that authority to have been adopted in Day’s case. The Act of 1795 does not plainly contemplate bastardy as a criminal offence ; it speaks of accusation, but not of indictment or conviction ; and it directs, for the decision of a single question, a trial by jury, “ either in the Court of Sessions or Common Pleas.”
The Act of 1839 speaks of a hill of indictment, confines the trial to the Court of Sessions, and provides for acquittal and conviction. It moreover superadds, that “ Should the person accused evade or resist the warrant so issued, it shall be the duty of the constable to return the same to the Clerk of the Court, as other Session papers, with a special note thereof by way of return on oath, whereupon a bill of indictment may be given out, and if found, a bench warrant may issue.” Now is it to be held, that if, in stfch a case, a bench warrant should be issued, and the defendant should be successful in evading the process of *366 the law, until the child shall have nearly or entirely attained the age of twelve years, so that the trial cannot be brought on before that event, the defendant shall thereupon be discharged ?
We might hold so, if the whole purpose of the law is to save the life of the child, until it reaches the age of twelve years, and the Legislature has attempted to effect that purpose only, by compelling the father to provide for the subsistence of the child during its tender years. Under such a view it might be said, that the purpose was effected, and the contemplated means rendered unnecessary, whenever in any way, or through any méans, the prescribed age was reached by the child. But if the obligation imposed upon the father to provide a certain sum for the maintenance of his bastard child, contains the obligation to reimburse those who have made the provision in his stead and upon his default; there is reason in bringing within the policy of the law the prescribed exactions, taken from the father for the purpose of reimbursing others who have been at the cost of past maintenance for the child, no less than those # exactions which may be directly applied to its future maintenance. And if the enactment was intended to operate as a penalty on the father, no less than as a provision for the child, there is still plainer reason for disregarding the age of the child at the time when the trial is to take place, for decision of the facts upon which the father’s liability to the penalty depends. We are of opinion that if proceedings against the father should be commenced before the child has attained the age of twelve years, he may, upon conviction, be required to enter into recognizance, with sureties, for the payment of twenty-five dollars annually for the maintenance of the child, from the time of its birth until it shall attain the age of twelve years. The indictment should ascertain the time of the birth. The death of the child may discharge subsequent liability under the recognizance; but upon & fieri facias in default of any recognizance, or a fieri facias after the sci.fa. upon forfeited recognizance, the instalments previously payable must have been all paid before satisfaction or stay of thé execution could be directed. We are not now called on to determine what should be ordered in the case, which *367 has been urged as an objection to our conclusion, of a father who has voluntarily provided for his bastard child to the extent required by the Act, during several years, and who has been indicted and convicted. The principle of reimbursement would not extend to such a case ; reason for mitigating a punishment would exist; and no doubt the discretion of the Judge, whose duty it might be to make the order for recognizance to be entered into, would, upon a proper showing of the facts, be found sufficient to render the requirements of the law conformable to the justice of such a case.
The motion is dismissed.
O’Neall Glover and Munro, JJ., concurred.

Motion dismissed.